Max Moskowitz (MM 5866)
Michael F. Hurley
Ostrolenk Faber LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888



Attorneys for Plaintiffs BK Jewellery,
Wing Yee Gems & Jewellery
Limited and A.V. Jewelry Export-Import, Ltd.,

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BK JEWELLERY, WING YEE GEMS & JEWELLERY LIMITED and A.V. JEWELRY EXPORT-IMPORT, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> KIRAN GEMS PVT. LTD.; KIRAN DESIGNS; KIRAN JEWELRY; KIRAN JEWELS INC.; SDIL INC.; UNIQUE DESIGNS; INTERNATIONAL DIAMOND DISTRIBUTORS INC.; MILANO DIAMOND GALLERY; TEJAS SHAH; RAJIV KOTHARI; and MITTEN KOTHARI; and Doe's 1 through 10 <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** |

Plaintiffs BK Jewellery ("BK Jewellery"), Wing Yee Gems & Jewellery Limited ("Wing Yee") and A.V. Jewelry Export-Import, Ltd. ("AV Jewelry") (collectively "Plaintiffs"), for their Complaint against the Defendants allege as follows:

{01731151.1}

## JURISDICTION AND VENUE

1. The claims herein arise under the Patent Laws of the United States, Title 35 United States Code.

2. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§1331 and 1338(a) and venue is vested in this Court by virtue of 28 U.S.C. §§1331(a) and 1391(d).

## THE PARITES

3. Plaintiff BK Jewellery is a corporation duly organized and existing under the laws of Hong Kong, with a regular and principal place of business at Rooms 701-2, 7/F, Hilder Centre, 2 Sung Ping Street, Hung Hom, Kowloon, Hong Kong, China.

4. Plaintiff Wing Yee is a Hong Kong subsidiary of BK Jewellery HK.

5. Plaintiff AV Jewelry is a corporation duly organized and existing under the laws of the State of New York with a regular place of business at 62 West 47th Street, Suite 603, New York, New York.

6. On information and belief, Defendant Kiran Gems Pvt. Ltd. ("Kiran Gems") located in Mumbai, India is the corporate head office of a group of Kiran-named and globally located and controlled companies that include Kiran Designs ("Kiran Designs") located in Surat, India that specializes in jewelry design; Kiran Jewelry ("Kiran Jewelry") located in Surat, India, that specializes in manufacturing jewelry; and Kiran Jewels Inc. ("Kiran USA") located in New York, New York that specializes in sales and marketing of jewelry in the United States (collectively, the "Kiran Companies").

7. On information and belief, Defendant SDIL Inc. ("SDIL-USA") is located in New York, engaged in the sale and distribution of jewelry, and an associate company of the Kiran Companies in which, on information and belief, the Kiran Companies are shareholders.

8. On information and belief, Defendant MILANO DIAMOND GALLERY ("Milano") has an office located in New York, engaged in the sale and distribution of jewelry, and an associate company of the Kiran Companies in which, on information and belief, the Kiran Companies are shareholders.

9. On information and belief, Defendant Unique Designs ("Unique Designs") is a company located in New York, engaged in the sale and distribution of jewelry, and an associate company of the Kiran Companies in which, on information and belief, the Kiran Companies are shareholders.

10. On information and belief, Defendant International Diamond Distributors Inc. ("IDD-USA") is located at 535 Fifth Avenue, New York, New York 10017, engaged in the sale and distribution of jewelry, and an associate company of the Kiran Companies in which, on information and belief, the Kiran Companies are shareholders.

11. On information and belief, Defendant Tejas Shah is CEO of Kiran-USA, and resides in this District.

12. On information and belief, Defendant Rajiv Kothari is an officer and shareholder of an associate company of the Kiran Companies, namely of Prestige International Jewelry located in New York, New York ("Prestige"), the Kiran Companies being also shareholders of and effectively exercising a controlling vote in running the affairs of Prestige.

13. On information and belief, Prestige, Milano, SDIL, Unique Designs and IDD-USA (the "Kiran Affiliates") are associate companies of one or more of the Kiran Companies

which are shareholders of the Kiran Affiliates and which exercise full dominion and control over the U.S. based activities of the Kiran Affiliates. See **Exhibit A**.

14. On information and belief, Defendant Mitten Kothari is a brother of Rajiv Kothari, an officer and shareholder of Prestige.

15. On information and belief, Defendants Doe's 1 through 10 are either individuals and/or companies that are part of the web of the Kiran Companies that are involved with the infringing activities complained of herein.

## THE PATENT AND ITS INFRINGEMENTS

16. Plaintiff Wing Yee is the assignee and record owner of U.S. Design Patent No. D618,132 ("the '132 patent"), issued June 22, 2010 entitled "Diamond Jewellery", a copy of which is annexed to this Complaint as **Exhibit B**.

17. The '132 patent is based on and claims priority to Hong Kong patent application 0802018, filed August 12, 2008. Wing Yee has obtained rights comparable to the rights provided by the United States '132 patent at least in Hong Kong, China and Canada. At least one of those foreign patents was enforced and respected in a foreign country.

18. BK Jewellery HK has itself and/or through its subsidiaries, marketed, widely advertised, and sold the jewelry depicted in the '132 patent, in foreign markets and in the United States, since the latter half of 2008, under the name Lady Dream.

19. Upon information and belief, one or more of the Kiran Companies and the Kiran Affiliates have been aware since early 2010 of the instant Plaintiff's BK Jewellery marketing of the Lady Dream jewelry abroad and in the United States.

20. Upon information and belief, at least one of Kiran Designs and Kiran Jewels provided literature and a physical sample of the Lady Dream jewelry to the Kiran Affiliate Prestige and designed and manufactured for it and directed it sell a copycat version of the Lady Dream jewelry for sale and distribution in the United States.

21. On information and belief, one or more of the Kiran Companies and/or Kiran Affiliates have been selling in the United States copy cat and infringing versions of the jewelry depicted in the '132 Patent, including under the brand name Unity.

22. Since 2011, the instant Plaintiffs have been involved in a patent infringement lawsuit with Kiran Companies' affiliate entity Prestige, which action is still pending in this Court as Civil Action No. 11-CV-02930 (LAP)(the "Prestige Action").

23. In the Prestige Action, the instant Plaintiffs have sought to be granted the profits of Prestige, upon proving infringement of the jewelry sold by Prestige, and not less than a reasonable royalty.

24. On information and belief, Kiran Gems has its corporate headquarters in Mumbai, India from where it caters to its global customers and regional divisions spreading across more than thirty countries across the globe.

25. On information and belief, Kiran designs, which is located in Surat, is the in-house design studio that employs designers in India, China, Hong, Bangkok, Italy and the United States to create diverse jewelry designs, including the Unity designs sold by Prestige and which are the subject of the Prestige Action.

26. On information and belief, Kiran Jewelry has actually manufactured the jewelry that is the subject of the Prestige Action.

27.  On information and belief, Kiran Jewels is the distribution and marketing arm of the Kiran Companies based in New York, and focuses primarily on the sale of diamond jewelry in the United States, Canada, Mexico and the Caribbean. Kiran Jewels has been actively involved in decisions that involve the sale and marketing of the infringing jewelry that is the subject of the Prestige Action.

28.  On information and belief, the Kiran Companies, alone and/or in concert with at least one other entity comprise the majority shareholders of Prestige and effectively control its major decisions and running including relative to the sales of copycat versions of the Lady Dream jewelry in the United States.

29.  AV Jewelry has acquired, pursuant to Agreement with BK Jewellery HK and BK Jewellery USA, exclusive rights to sell jewelry covered by the '132 patent in certain United States markets and to enforce rights under the '132 patent in the United States.

30.  AV Jewelry has engaged in marketing activities and has attempted to sell the Lady Dream jewelry to certain jewelry customers.

31.  On November 22, 2010, Prestige's counsel, Arnold D. Litt, wrote to AV Jewelry a cease and desist letter asserting that the Lady Dream style jewelry being offered by AV Jewelry is "an imitation of our client's Unity-type diamond head with single cut diamonds".

32.  AV Jewelry, through its counsel, replied that its jewelry is sourced from a different company; is covered by the '132 patent; has been on the market since late 2008; and could not possibly be an "infringement" of any intellectual property rights of Prestige.

33.  By letter dated April 12, 2011, Prestige responded through counsel that the '132 patent is invalid, asserting, *inter alia*, that "there are myriad of prior art references showing a large gemstone surrounded by a number of smaller gemstones, as claimed in the '132 patent".

34. Prestige's counsel further asserted that Prestige was wrongfully disparaged through allegations made by AV Jewelry's representatives that Prestige's jewelry infringes the '132 patent, concluding that this "constitutes unfair competition and tortious interference with business relations".

35. Upon information and belief, customers have been and are being confused owing to conflicting claims as to who is the originator and rights holder with respect to the disputed jewelry designs.

36. Prestige filed a Request for Ex Parte Reexamination of the '132 Patent, but the Patent Office had confirmed the validity of the '132 Patent. Subsequently, the Court in the Prestige Action has granted the patent owner's Motion for Summary Judgment that the '132 Patent is valid and the validity of the '132 Patent is no longer at issue in the Prestige Action.

37. Upon information and belief, the '132 patent is valid and infringed by the "unity-type diamond head jewelry" sold by Prestige and by similar jewelry sold by one or more of the Kiran Companies and Kiran Affiliates.

38. On information and belief, on or about May/June 2010, BK Jewellery and AV Jewelry have introduced to the U.S. jewelry trade, including major jewelry vendors, the Lady Dream jewelry, which engendered great excitement and demand for this patented Lady Dream jewelry.

39. On information and belief, customers have made Prestige aware of this Lady Dream jewelry and Prestige contacted the Kiran Companies about this product.

40. On information and belief, the Kiran Companies provided to Prestige a brochure about the BK Jewellery, describing this jewelry as being "worldwide patented" and a physical

sample thereof, and stating, relative to the Lady Dream jewelry words to the effect that this is Prestige's "inspiration" to make this jewelry.

41. On information and belief, the Kiran Companies thereafter designed, perfected, and manufactured for Prestige Unity-type jewelry which directly infringes the '132 Patent.

42. On information and belief, at the same time, the Kiran Companies conspired with Prestige, after a failed patent search for BK Jewellery patents, to obtain various patents on the Lady Dream jewelry. Commensurate therewith, the Kiran Companies prepared drawings and a complete copycat design of the setting of the Lady Dream jewelry and made a minor, inconsequential change in the number of surrounding stones in a transparent effort to side step the BK Jewellery novel jewelry design.

43. On information and belief, the Kiran Companies have themselves marketed the identical jewelry outside the United States, with 9 surrounding stones, exactly as in the '132 patent, and made for the United States market, the same product with the 10 surrounding stones (later changed to 8 surrounding stones), all in a transparent and commercially meaningless effort to evade the '132 patent.

44. On information and belief, the Kiran Companies manufactured the Unity jewelry sold by Prestige and/or other Kiran Companies and Kiran affiliates, knowing at all times and with calculated aforethought that the Unity jewelry pieces with 10 or 8 surrounding stones is intended solely for the U.S. market. Thereby, the Kiran Companies have themselves created, manufactured, provided and injected into the stream of commerce in the United States the infringing Unity jewelry sold in the United States and United States Territories by Prestige and other Kiran Affiliates.

45. The Kiran Companies, which are already the largest sellers of loose diamonds in the world, have invested a large effort to become the primary jewelry sellers, capitalized and deliberately planned to become major sellers through sales of the Lady Dream look-alike jewelry which they recognized as being a breakthrough, superbly engineered and beautifully crafted jewelry piece.

46. On information and belief, the entire program of using Prestige to submit patent applications depicting and obtaining United States patent designs on jewelry, the patentable features of which resides in the jewelry setting, which setting is a direct and unabashed copy of the Lady Dream jewelry setting, without ever informing the U.S. Patent Office of this fact and utilizing these patents to market and exert dominion over these products with U.S. customers, has been effect in full concert and participation of the Kiran Companies. The Defendants Vaghani and Shah were at the center of this conspiracy, operating together with the Kothari brothers, Rajiv and Mitten, to defraud BK Jewellery and its licensee of their rights to market the Lady Dream jewelry without hindrance from Prestige owned and Kiran Companies' inspired, but bogus United States design patents. These bogus patents include U.S. patent numbers: D641651; D642087; D642088; D643327; D643767; D647817; D654394; D655219; D667335; D676785; D682139. (the "Prestige Patents")

47. On information and belief, Rajiv Kothari invented nothing that is depicted in the Prestige Patents.

48. On information and belief, the conveyance by Rajiv Kothari as the putative inventor thereof, of the ownership rights to Prestige, was designed isolate the Kiran Companies from these activities despite the Kiran's Companies inextricably intertwined connection with these activities, whereby the assignments of the Prestige patents was nothing but a sham and a

contrivance. On information and belief, the drawings and all the information supplied to patent counsel to obtain the Prestige patents featuring the BK Jewellery setting, was orchestrated by and for the Kiran Companies.

49. Upon information and belief, the filing, prosecution and other activities underlying the issuance of the Prestige Patents was rooted in inequitable conduct and the instant Plaintiffs are entitled to a judgment that these patents, the presence of which in the marketplace, harms BK Jewellery and AV Jewelry should be declared invalid and unenforceable.

50. The Kiran Companies are liable to the owner of the '132 Patent to the extent of any damages sought by the patent owner and/or the profit that it has earned on jewelry that infringes the '132 Patent, not less than a reasonable royalty, and putatively and vicariously liable for all damages granted to the patent owner and licensee in the Prestige Action, to the extent that Prestige is unable or refuses to pay damages that may ultimately be granted in the Prestige Action.

51. Upon information and belief, Kiran Companies and similar jewelry marketing activities and sales of unity-type diamond head jewelry constitute infringement upon the '132 patent and unfair competition under The Lanham Act.

## COUNT I - PATENT INFRINGEMENT

52. Plaintiffs reallege and incorporate the allegations in paragraphs 1-51 above.

53. The sales by the Defendants of Unity-type diamond jewelry constitutes infringement on the rights conferred by the '132 patent and are infringements thereof, literal and/or under the Doctrine of Equivalents.

54. The Defendant Kiran Companies are putatively and vicariously liable for acts of infringement of the '132 Patent by Prestige as might be determined in the Prestige Action, whether literal and/or under the Doctrine of Equivalents.

55. The Kiran Companies have aided, abetted and induced infringement by the Kiran Affiliates, including Prestige of the '132 Patent and are liable for acts of infringement by the Kiran Affiliates, including Prestige.

56. The Plaintiffs are entitled to a judgment that the '132 patent was duly examined, and that its patent claim is valid under the Patent Act.

57. The Plaintiffs are entitled to recover damages as provided for by the Patent Act and, owing the willful and continuing nature of Kiran Companies and Prestige's sales of the unity-type diamond jewelry, Plaintiffs are further entitled to a finding of willful infringement, including enhanced damages, and to a declaration that this case is exceptional, entitling the Counterclaim-Plaintiffs to recover their attorneys' fees.

## COUNT II – LANHAM ACT VIOLATIONS

Plaintiffs reallege and incorporate the allegations in paragraphs 1-51 above.

The Defendants' act described above constitute unfair business conducted sanctionable under the Lanham Act.

WHEREFORE, Plaintiffs request the following relief:

A. A Declaration that the '132 patent is valid and enforceable by the instant Plaintiffs;

B.   A Declaration that the jewelry in dispute here, which is manufactured and sold by Kiran Companies and Kiran Affiliates have infringed upon the rights conferred by the '132 design patent;

C.   A Declaration that Prestige Patents were prosecuted with inequitable conduct and are invalid and unenforceable;

D.   A Declaration that the Defendants have committed acts of unfair competition under The Lanham Act;

E.   The granting of damages, enhanced for willfulness and including reasonable attorneys' fees pursuant to the Patent Law and The Lanham Act; and

F.   Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 27, 2015

Respectfully submitted,

_____
Max Moskowitz
Michael F. Hurley
Ostrolenk, Faber, LLP
1180 Avenue of the Americas
New York, New York 10036
Tel: 212-382-0700
Fax: 212-382-0888

Attorneys for Plaintiffs
BK Jewellery, Wing Yee Gems &
Jewellery Limited and A.V. Jewelry
Export-Import, Ltd.